[Civ. No. 8887. Second Appellate District, Division Two.—April 7, 1933.]

## W. J. CONNER, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

M. G. Phillips and Caesar A. Roberts for Petitioner.

Walter L. Bowers, as *Amicus Curiae* on Behalf of Petitioner.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondent.

WORKS, P. J.— ██ One of the judges of respondent court was made a party respondent by petitioner but his name has been omitted from the title of the proceeding at the head of this opinion for the reason that he is not a proper party. The writ of review lies against a board or tribunal and not against its members. This rule has been announced by the courts with discouraging frequency.

██ The writ was asked for on the ground that respondent court had exceeded its jurisdiction in revoking the probation which had theretofore been granted petitioner

after his conviction of a penal offense. It is said that there was no evidence whatever taken by respondent which afforded support for the order of revocation, and it is in this way that the question of jurisdiction is claimed to arise.

The order of revocation was immediately followed by judgment and sentence. Because of this fact the writ does not lie. It would be as proper to issue the writ of review after an order sustaining a demurrer to a complaint without leave to amend, judgment for defendant following, as to issue it after an order revoking probation, judgment thereupon following, for in either case the order claimed to be wrongful could be assailed as error upon appeal from the judgment. It is well understood that the writ of review does not lie where there is a remedy by appeal.

Writ of review discharged.

Stephens, J., and Archbald, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 2, 1933, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 1, 1933.